UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

MAUREEN BATSON THORNE
CHINEAL THORNE                              JURY TRIAL DEMANDED

V.                                          CASE NO. 3:10CV

MACKEYBOY AUTO, LLC
WILLIAM S. MCNEILLY
COMMISSIONER OF MOTOR VEHICLES

**COMPLAINT**

1. This is an action for a declaratory judgment, an injunction, and actual, statutory, and punitive damages and attorneys fees for violation of the Truth in Lending Act ("TILA"), *15 U.S.C. § 1602, et seq.* and for actual and punitive damages pursuant to Conn. Gen. Stat. §42-110a *et seq.;* for breach of' contract; for violation of the common law of misrepresentation; for conversion, a declaratory judgment, and for statutory damages pursuant to the Uniform Commercial Code ("UCC") and the Connecticut Retail Installment Sales Financing Act ("RISFA").

2. Jurisdiction is conferred on this Court by 15 U.S.C. § 1640(e) and 28 U.S.C. § 1331 and §1367.

3. Plaintiffs are residents of New Haven Connecticut.

4. Defendant Mackeyboy has its place of business in New Haven Connecticut.

5. Defendant McNeilly is the principal of Mackeyboy.

6. On or about March 13, 2010, plaintiff Maureen Thorne purchased a 1999 BMW, VIN # WBAAM333XXFP62269 for personal and family use.

7. Neither Mackeyboy nor McNeilly told plaintiff that the car had been in accidents, or that the car had an abandoned car title since 2005, prior Title #:027271388.

8. Plaintiff made a down payment of $4,389.70 and was to pay the balance of $2735.00 by May 20, 2010.

9. Defendant Mackeyboy repossessed the BMW on May 10, 2010.

10. Thereafter, Mackeyboy and McNeilly refused to return the BMW and refused to return the irreplaceable personal property of Chineal Thorne that was in the BMW at repossession.

11. During the year prior to March 13, 2010, Mackeyboy entered into more than 25 Retail Installment Contracts with individuals which were payable in more than four installments.

12. The plaintiff's retail installment contract on its face did not comply with the Truth In Lending Act

13. Defendants breached their contract by not complying with applicable statutes. Farmers' & Merchants' Bank v. Federal Reserve Bank, 262 U.S. 649, 660 (1922); Harlach v. Metropolitan Prop. & Liab. Ins., 221 Conn. 185, 192, 602 A.2d 1007 (1992). See also Walsh v. Waldron & Sons, 112 Conn. 579, 582, 153 A. 298 (1931); Ciarleglio v. Benedict & Co., 127 Conn. 291, 293, 16 A.2d 593 (1940).

14. Defendants Mackeyboy and McNeilly refused to comply with their notice and resale obligations under the Uniform Commercial Code and the Retail Installment Sales Financing Act.

**DAMAGES**

15. Due to the defendants' conduct, plaintiff lost the value of the moneys paid to defendants and for car insurance, lost personal property and suffered inconvenience, expense, and anxiety due to Mackeyboy's and McNeilly's violation of state and federal law.

16. **Plaintiff claims a lien on the vehicle to the extent of her damages pursuant to the Uniform Commercial Code or common law and an order that the Commissioner not transfer any title to the vehicle pending resolution of the parties' dispute in this case.**

WHEREFORE, it is respectfully prayed that this Court:

1. Award statutory, actual, and punitive damages to the plaintiff under TILA, the UCC, RISFA, CUTPA or common law;

2. Enter a declaratory judgment that plaintiff retains an interest in the vehicle and directing the Commissioner to transfer the title to the vehicle to plaintiff in satisfaction of her interest.

3. Award costs and a reasonable attorney's fee.

4. Award such other or further relief as the Court deems just or equitable.

                                THE PLAINTIFF


                        By:__/s/ Joanne S. Faulkner__
                            Joanne S. Faulkner ct 04137
                            123 Avon Street
                            New Haven, CT 06511
                            (203) 772-0395
                            faulknerlawoffice@snet.net